IN THE UNITED STATES DISTRICT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**NORBERT STURDEVANT**
**and JOSE RAMIREZ,**

    **Plaintiffs,**

**v.**                                   **Civil Action No. 1:09cv142**
                                             **(Judge Keeley)**

**ERIC HOLDER, United States Attorney General,**
**and HARLEY LAPPIN, Director of Federal Bureau of Prisons,**

    **Defendants.**

## ORDER ADOPTING REPORT AND RECOMMENDATION

On October 22, 2009, the pro se plaintiffs, Norbert Sturdevant ("Sturdevant") and Jose Ramirez ("Ramirez"), jointly filed a civil rights action under Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971) ("Bivens complaint"), against defendants Eric Holder ("Holder"), United States Attorney General, and Harley Lappin ("Lappin"), Director of Federal Bureau of Prisons. (Dkt. no. 1). Their Bivens complaint alleged that both Holder and Lappin had violated their rights under the First, Fifth, Eighth, Ninth and Fourteenth Amendments to the United States Constitution, as well as the protections afforded to enrolled Native American Indians of Federally Recognized Tribes.

The Court referred the matter to United States Magistrate Judge James E. Seibert ("Magistrate Judge Seibert") for initial

**Sturdevant et al. v. Holder et al.**　　　　　　　　　　　　　　**1:09CV142**

**ORDER ADOPTING REPORT AND RECOMMENDATION**

screening and a report and recommendation in accordance with Local Rule of Prisoner Litigation 83.09.

On November 12, 2009, Magistrate Judge Seibert issued a Report and Recommendation ("R&R") (dkt. no. 12) that recommended denying Sturdevant and Ramirez the right to proceed in forma pauperis ("IFP") together in a single action, and that the case be spilt into two separate actions.[1] Additionally, Magistrate Judge Seibert requested that both cases be assigned to him.

The R&R also specifically warned Sturdevant and Ramirez that their failure to object to the recommendation would result in the waiver of their appellate rights on this issue. Nevertheless, neither Sturdevant nor Ramirez filed any objections before the time to do so expired.[2]

Consequently, the Court **ADOPTS** the R&R in its entirety and **ORDERS** that this case be **SEVERED** into separate actions, with a copy of the Bivens complaint in this case be used to open a case on

---

[1] Judge Seibert recommended that a copy of the Bivens complaint be used to open a case for Jose Ramirez, and also that his sealed documents found at docket numbers 6, 7, and 8 be transferred to his case.

[2] Plaintiffs' failure to object to the R&R not only waives their appellate rights in this matter, but also relieves the Court of any obligation to conduct a de novo review of the issues presented. See Thomas v. Arn, 474 U.S. 140, 148-153 (1985); Wells v. Shriners Hosp., 109 F.3d 198, 199-200 (4th Cir. 1997).

behalf of Jose Ramirez, and further **ORDERS** that his sealed documents found at docket numbers 6, 7, and 8 be transferred to his case and that both cases be **ASSIGNED** to Magistrate Judge Seibert.

It is so **ORDERED.**

Pursuant to Fed. R. Civ. P. 58, the Court directs the Clerk of Court to transmit copies of this order to counsel of record and to the pro se plaintiffs, certified mail, return receipt requested.
Dated: January 28, 2010.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE