# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**NORBERT STURDEVANT**,

      **Plaintiff,**

v.                                                      **Civil Action No: 1:09CV142**
                                                                   **(Judge Keeley)**

**ERIC HOLDER, United States Attorney General,**
**HARLEY LAPPIN, Director of Federal Bureau of Prisons.**

      **Defendants.**

## REPORT AND RECOMMENDATION

On October 22, 2009, the *pro se* plaintiff, Norbert Sturdevant, initiated this civil rights action along with Jose Ramirez. On November 12, 2009, the undersigned issued a Report and Recommendation which recommended that multiple-prisoner plaintiffs not be permitted to proceed together *in forma pauperis* in a single action. Accordingly, it was further recommended that the case be split into separate actions, with a copy of the complaint used to open a case for Jose Ramirez. No objections were filed, and on January 28, 2010, the district court adopted the Report and Recommendation. Accordingly, Jose Ramirez was terminated from the instant action. On February 1, 2010, the plaintiff was granted leave to proceed *in forma pauperis*, without the need to pay an initial partial filing fee. On February 18, 2010, the plaintiff filed an Amended Complaint. On February 18, 2010, the plaintiff amended his complaint to bring the

action solely in his name. This matter is now before the undersigned for an initial review and report and recommendation pursuant to LR PL P 83.01 and 28 U.S.C. §1915(e)[1].

## I. Complaint

In the complaint, the plaintiff alleges that on September 30, 2009, at 10:30 a.m., Chaplain Ramey issued an incident report which charged him with stealing and lying. The plaintiff further alleges that a rewrite of the incident report was done on October 1, 2009. The plaintiff maintains that delivery of the incident report to him was accomplished on October 9, 2009, despite the fact that the Rules of Disciplinary Proceeding Procedure provide that the incident report should be delivered within twenty-four (24) hours of the incident. In addition, the plaintiff maintains that although a Unit Disciplinary Committee ("UDC") hearing should be held within seventy-two hours of the incident, his hearing was not conducted until October 14, 2009. As a result of the incident report, and resulting disciplinary proceedings, the plaintiff claims that he lost 90 days of telephone privileges, 90 days of commissary, 90 days of visitation, and 27 days of good conduct time. The plaintiff complains that the named defendants, Holder and Lappin, violated his constitutional rights when they failed to take notice of the conduct of their staff and failed to protect him from the unconstitutional conduct of prison staff in violating the rules and regulations of the disciplinary

---

[1] 28 U.S.C. §1915(e)(2)(B) states:

Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that...

      (B) the action or appeal-

          (I) is frivolous or malicious;

          (ii) fails to state a claim on which relief may be granted; or

          (iii) seeks monetary relief against a defendant who is immune from such relief.

process. For relief, the plaintiff seeks $700.00 in monetary compensation from each defendant; $750,000 in punitive damages from each defendant; the arrest and punishment of Chaplain Ramey in providing misleading information; and investigation as to why staff under the direction on the United States Attorney and Director of the Bureau of Prisons continue not to follows its own rules and regulations.

## II. Standard of Review

Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. Complaints which are frivolous or malicious, must be dismissed. 28 U.S.C. 1915(e).

A complaint is frivolous if it is without arguable merit either in law or fact. Neitzke v. Williams, 490 U.S. 319, 325. However, the Court must read *pro se* allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519, 520 (1972). A complaint filed *in forma pauperis* which fails to state a claim under Fed. R. Civ. P. 12(b)(6) is not automatically frivolous. See Neitzke at 328. Frivolity dismissals should only be ordered when the legal theories are "indisputably meritless," Id. at 327, or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992). This includes claims in which the plaintiff has little or no chance of success. See Estelle v. Gamble, 429 U.S. 97, 106 (1976). As discussed more fully below, the plaintiff's complaint against the defendants has no chance for success and, therefore, the undersigned recommends that this case be dismissed.

### A. Exhaustion of Administrative Remedies

Under the Prison Litigation Reform Act (PLRA), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983, or any other federal law, must first exhaust all available administrative remedies. 42 U.S.C. § 1997(e)(a). Exhaustion as provided in § 1997(e)(a) is mandatory. Booth v. Churner, 532 U.S. 731, 741 (2001). A Bivens action, like an action under 42 U.S.C. § 1983, is subject to the exhaust of administrative remedies. Porter v. Nussle, 534 U.S. 516, 524 (2002). The exhaustion of administrative remedies "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes,"[2] and is required even when the relief sought is not available. Booth at 741. Because exhaustion is a prerequisite to suit, all available administrative remedies must be exhausted *prior to* filing a complaint in federal court. See Porter, 534 U.S. at 524 (citing Booth, 532 U.S. at 741) (emphasis added).

In addition, although generally, the exhaustion of administrative remedies should be raised by the defendant as an affirmative defense, the court is not foreclosed from dismissing a case *sua sponte* on exhaustion grounds. See Anderson v. XYZ Prison Health Services, 407 F.3d 674, 681 (4th Cir. 2005). If the failure to exhaust is apparent from the face of the complaint, the court has the authority under to 28 U.S.C. § 1915 to dismiss the case *sua sponte*. Id. at 682.

The Bureau of Prisons makes available to its inmates a three level administrative remedy process if informal resolution procedures fail to achieve sufficient results. See 28 C.F.R. § 542.10, et seq. This process is begun by filing a Request for Administrative Remedy at the institution where the inmate is incarcerated. If the inmate's complaint is denied at the institutional level, he may appeal that decision to the Regional Office for the geographic region in which the inmate's institution of confinement is located. (For inmates confined at FCI-Morgantown, those appeals are

---

[2] Id.

sent to the Mid-Atlantic Regional Director in Annapolis Junction, Maryland.) If the Regional Office denies relief, the inmate can appeal to the Office of General Counsel via a Central Office Administrative Remedy Appeal. An inmate must fully complete each level of the process in order to properly exhaust his administrative remedies.

Here, the plaintiff admits that his administrative remedies are not exhausted.(Dckt. 22, p. 2).[3] Thus, the failure to exhaust is clear on the face of the complaint and the *sua sponte* dismissal of this action is appropriate. Moreover, even if the plaintiff had exhausted his administrative remedies, this case would still be subject to summary dismissal as discussed below.

### B. Defendants Holder and Lappin

In his complaint, the plaintiff alleges that neither of these defendants investigated the conduct of the employees at the Gilmer Correctional Center. However, liability in a Bivens case is "personal, based upon each defendant's own constitutional violations." Truloch v. Freeh, 2755 F.2d 391, 402 (4th Cir. 2001) (internal citation omitted). Thus, in order to establish liability in a Bivens case, the plaintiff must specify the acts taken by each defendant which violate his constitutional rights. See Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994); Colburn v. Upper Darby Township, 838 F.2d 663, 666 (3rd Cir. 1988). Some sort of personal involvement on the part of the defendant and a causal connection to the harm alleged must be shown. See Zatler v. Wainbright, 802 F.2d 397, 401 (11th Cir. 1986). *Respondeat superior* cannot form the basis of a claim for violation of a constitutional right in a Bivens case. Rizzo v. Good 423 U.S. 362 (1976). Moreover, in the instant

---

[3]The plaintiff is acting under the misapprehension that exhaustion of administrative remedies is not required because he is seeking preventive relief. As support for this position, the plaintiff cites 42 U.S.C. § 2000a(3). However, 42 U.S.C. § 2000(a) prohibits discrimination or segregation in places of public accommodation, which do not include prisons. Douglas v. U.S. Attorney General, 404 F. Supp. 1314 (WD Okla 1975). Furthermore, nothing in 42 U.S.C. § 2000a(3) can be read as relieving a prisoner of the requirements of the PLRA.

action, it appears the plaintiff has simply named the defendants in their official capacities as the United States Attorney General and the Director of the Federal Bureau of Prisons. However, a suit against government agents acting in their official capacities is considered a suit against the United States itself. See Kentucky v. Graham, 473 U.S. 159, 165 (1985) ("Official-capacity suits . . . 'generally present only another way of pleading an action against an entity of which an officer is an agent.'"). Thus, remedy under Bivens is not available against these defendants in their official capacity, and they should be dismissed with prejudice as defendants in this action.

### III. Recommendation

In consideration of the foregoing, it is the undersigned's recommendation that the plaintiff's complaint be **DISMISSED with prejudice** for failure to state a claim upon which relief can be granted.

Within fourteen (14) days after being served with a copy of this Report and Recommendation, the plaintiff may file with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to mail a copy of the Report and Recommendation to the *pro se* plaintiff by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: June 4, 2010

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE