**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA**

**NORBERT STURDEVANT,**

       **Plaintiff,**

v.                                                    CIVIL NO. 1:09CV142
                                                                      (Judge Keeley)

**ERIC HOLDER,**
United States Attorney
General, and

**HARLEY LAPPIN,**
Director of Federal
Bureau of Prisons,

       **Defendants.**

**ORDER ADOPTING REPORT AND RECOMMENDATIONS (DKT. 23)
AND DISMISSING COMPLAINT WITH PREJUDICE**

On June 4, 2010, United States Magistrate Judge James E. Seibert issued a Report and Recommendation ("R&R"), in which he concluded that the complaint filed by the plaintiff, Norbert Sturdevant ("Sturdevant"), should be summarily dismissed under the Prison Litigation Reform Act, 28 U.S.C. § 1915, for both failure to exhaust administrative remedies and failure to state any possible claim. Sturdevant filed objections on June 11, 2010, and, for the reasons that follow, the Court **ADOPTS** the R&R and **DISMISSES** this case **WITH PREJUDICE.**

**I. FACTUAL BACKGROUND**

According to Sturdevant's Amended Complaint (dkt. 22), he received an administrative sanction for theft and lying while in

the custody of the Bureau of Prisons ("BOP"). He contends that the BOP's internal discipline process was flawed, and that the defendants named in this case, the Attorney General of the United States and the Director of the BOP, failed to correct these errors in violation of his Due Process and Equal Protection rights.

## II. REPORT AND RECOMMENDATION

Magistrate Judge Seibert first concluded that this case, which asserts constitutional violations against federal officials, constitutes an action under Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971). He then concluded that the complaint, on its face, established that Sturdevant had failed to exhaust the administrative remedies available to him within the BOP. Finally, he concluded that, even had he exhausted these remedies, Sturdevant could not maintain a Bivens action against these administrative defendants for actions taken by BOP institutional staff.

## III. PLAINTIFF'S OBJECTIONS

Sturdevant's objections can be summarized as follows:
1. His claims arise under 42 U.S.C. § 2000a-3 and exhaustion of administrative remedies is not required;
2. The Magistrate Judge has a pro-Government bias, and the R&R is "corrupt and unreliable;" and

    3.    The Magistrate Judge incorrectly construed the action as arising under 42 U.S.C. § 1983.

## IV. ANALYSIS

The Court reviews de novo those portions of the R&R to which the plaintiff specifically objects, but may adopt without discussion any conclusion to which no objection is made. Roach v. Gates, No. 10-1569, 2011 WL 915958, *1 (4th Cir. Mar. 17, 2011)(unpublished)(citing Orpiano v. Johnson, 687 F.2d 44, 47-48 (4th Cir. 1982)).

With regard Sturdevant's contention that his claims arise under 42 U.S.C. § 2000a-3, that Code provision, relating to suits enjoining discrimination in public accommodations, is clearly inapplicable to his claims. The Amended Complaint alleges a denial of due process within the BOP, not in a place of public accommodation, and seeks monetary damages from the Attorney General and Director of the BOP. Clearly, Sturdevant could only recover, if at all, under a Bivens action as the Magistrate Judge correctly recognized.

Further, the R&R is devoid of any indication of bias on the part of the Magistrate Judge, and Sturdevant provides absolutely no support for this scandalous allegation. Finally, the Magistrate

Judge clearly did not construe the action as arising under 42 U.S.C. 1983, but rather, as already noted, under <u>Bivens</u>.

Although Sturdevant did not specifically object to the actual conclusions in the R&R, the Court notes that the Magistrate Judge correctly held that exhaustion of remedies is required in a <u>Bivens</u> action. <u>See</u> <u>Porter v. Nussle</u>, 534 U.S. 516, 524 (2002). In this case, Sturdevant cannot maintain a <u>Bivens</u> action against defendants who had no personal involvement in the acts of which he complains. <u>Truloch v. Freeh</u>, 275 F.2d 319, 402 (4th Cir. 2001). Thus, summary dismissal of this case is warranted under 28 U.S.C. § 1915 because the complaint is meritless on its face.

## CONCLUSION

For the reasons discussed, the Court **ADOPTS** the R&R (dkt. 23) in its entirety, and **DISMISSES** this case **WITH PREJUDICE.**

It is so **ORDERED.**

Pursuant to Fed. R. Civ. P. 58, the Court directs the Clerk to enter a separate judgment order and to transmit copies of it and this order to the <u>pro se</u> petitioner via certified mail, return receipt requested.

DATED: July 15, 2011

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE